Wilde, J.
This case appears to the court to be a very clear case. The plaintiffs claim the unpaid balance of their actual expenses; but we are of opinion, that there is no ground on which the claim can be supported. It is manifest, from the language of the will, that the testator intended that the amount of the allowance to be paid to the plaintiffs, for the support of the gospel ministry, should be determined by the trustees; and in such cases, where the determination is made in good faith by the trustees, according to their best judgment, as the trustees allege in their answer it was made in this case, and of which there appears to be no doubt, the court will not interfere, although they may be of opinion, that a largei allowance might have been made. We are however of opi *458 nion, that the allowance made by the trustees is amply sufficient.
The rent of the Fisk estate, as stated by the trustees, in tfieir'SKiswer, amounts only to $650, which must be allowed to accumulate for a long time, before it will be sufficient to support a rbinister in a second congregational society, and to erect a hou^e of public worship, and to fulfil the intention of the testator as to other uses and purposes provided for in the said twenty-third clause of the will. Considering their circumstances, we think 'a larger sum than was allowed to the plaintiffs could not have been reasonably demanded.

Bill dismissed.